**Electronically Filed
Intermediate Court of Appeals
30057
23-FEB-2011
07:28 AM**

NO. 30057

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


AMERICAN HOME MORTGAGE SERVICING, INC., Plaintiff-Appellee, v.
KIN-CHUNG ROCKY YEUNG, Defendant-Appellant, and
JOHN and MARY DOES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0816)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kin-Chung Rocky Yeung (Yeung), pro se, appeals from the Judgment issued in favor of Plaintiff-Appellee American Home Mortgage Servicing, Inc. (AHMSI), filed on November 9, 2009 in the Circuit Court of the First Circuit (Circuit Court).[1] The Circuit Court's judgment was issued pursuant to its order granting AHMSI's motion for summary judgment and for writ of possession filed on November 9, 2009.

AHMSI initiated this action seeking to eject Yeung from the subject property. In support of its motion for summary judgment and for writ of possession, AHMSI submitted declarations and exhibits establishing that:

---

[1] The Honorable Bert I. Ayabe presided.

(a) On February 20, 2009, AHMSI conducted a non-judicial foreclosure of the subject property under a power of sale in a first mortgage duly noted on Transfer Certificate of Title (TCT) No. 674,147;

(b) On March 24, 2009, a Mortgagee's Quitclaim Deed was recorded with the Office of the Assistant Registrar of the Land Court of the State of Hawai'i which specified that AHMSI was the owner of the Property. The Mortgagee's Quitclaim Deed was recorded under new TCT No. 940,642.

Yeung did not challenge these facts.

On November 9, 2009, the Circuit Court issued an Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment Against Defendant Kin-Chung Rocky Yeung and the Judgment.

On appeal, Yeung's Opening Brief is substantially non-compliant with Rule 28 of the Hawai'i Rules of Appellate Procedure (HRAP) in that it fails to set forth the relevant facts, citation to the record where any alleged error can be found, and argument in support of his point of error. Nonetheless, this court provides pro se appellants wide latitude when construing an opening brief and will address Yeung's one discernable claim that "[t]he Appellant respectfully ask[s] the Appellate Court to look into the facts of this case to determine if the Appellee is the rightful owner of this loan."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yeung's point of error as follows:

(1) The Property is registered property with the Land Court making it subject to the provisions of Chapter 501 of the Hawaii Revised Statutes (HRS). See Aames Funding Corp. v. Mores, 107 Hawai'i 95, 110 P.3d 1042 (2005). The Mortgagee's Quitclaim

2

Deed recorded on March 24, 2009 with the Assistant Registrar of the Land Court specifies AHMSI as owner of the property and reflects that new TCT No. 940,642 was issued. "[C]onclusive effect is to be given the certificate of title on the question of title to land." Id. at 101, 110 P.3d at 1048. A new certificate of title is binding upon the registered owner and all persons claiming under the registered owner. HRS § 501-106(b) (2006 Repl.). "[D]efenses to mortgages foreclosed upon by exercise of the mortgagee's power of sale must be raised 'prior to the entry of a new certificate of title.'" Aames Funding Corp., 107 Hawai'i at 102, 110 P.3d at 1049. Any challenge to whether AHMSI was the legal owner of the promissory note for which the subject property was mortgaged, and thus any challenge to the foreclosure proceedings, was limited to the period before entry of the new certificate of title. AHMSI is the title holder of the subject property and Yeung provided no valid defense to the ejectment action.

Therefore,

IT IS HEREBY ORDERED that the Judgment issued in favor of Plaintiff-Appellee American Home Mortgage Servicing, Inc., filed on November 9, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 23, 2011.

On the briefs:

Kin-Chung Rocky Yeung
Defendant-Appellant pro se

Paul Alston
J. Blaine Rogers
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

3